**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4158**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LYNDON FACISCO MILLER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.  (1:13-cr-00342-MJG-1)

Submitted:  February 29, 2016      Decided:  March 10, 2016

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Christopher J. Romano, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lyndon Facisco Miller of (1) conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, 500 grams or more of cocaine, and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012); (2) possession with intent to distribute 100 grams or more of heroin, 500 grams or more of cocaine, and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), 18 U.S.C. § 2 (2012); (3) two counts of distribution of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; (4) distribution of 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; and (5) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Miller challenges the district court's denial of three of his motions to suppress evidence under the Fourth Amendment and the court's determination that he knowingly, voluntarily, and intelligently asserted his right to represent himself at trial.[1] We affirm.

---

[1] Miller has filed three motions to file pro se supplemental briefs and motions to amend supplemental briefs. Because Miller is represented by counsel who filed a merits brief, we deny his motions. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because appellant was represented by counsel and appeal was not submitted pursuant to Anders v. California, 386 U.S. 738 (1967)).

2

When considering the denial of a suppression motion, we review de novo the district court's legal conclusions and review its factual findings for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the Government prevailed on the suppression issue below, we construe the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

First, Miller challenges the district court's denial of his motion to suppress telephonic and electronic evidence recovered from the wiretapping of several phone lines he allegedly used. In denying Miller's motion, the district court determined that the warrant application was supported by probable cause, that the level of particularization in the warrant was reasonable given one of the issuing judge's weekly supervision over the investigation, and that officers acted in good-faith reliance on the warrant. On appeal, Miller does not present an argument regarding the district court's conclusion that officers relied in good faith on the state judge's issuance of the warrant. Accordingly, Miller has waived appellate review of the district court's denial of his motion to suppress telephonic and electronic evidence pursuant to wiretap warrants. See United States v. Bartko, 728 F.3d 327, 335 (4th Cir. 2013) (holding appellant's failure to include "'contentions and the reasons for

them, with citations to the authorities . . . on which the appellant relies'" in opening brief results in waiver of issue (quoting Fed. R. App. P. 28(a)(8)); see also United States v. Bynum, 293 F.3d 192, 194 (4th Cir. 2002) (where defendant challenges probable cause supporting warrant and officer's good-faith reliance on warrant, court may skip directly to good-faith analysis as finding of good faith is sufficient to reject exclusion of evidence).

Second, Miller challenges the district court's denial of his motion to suppress tracking evidence recovered from the attachment of Global Positioning Systems (GPS) devices to rental vehicles operated by Miller. The district court denied Miller's motion, concluding that a reasonable construction of the warrant permitted attachment of GPS devices to all rental vehicles Miller used and that the motion appeared moot where the Government represented that it did not intend to present tracking evidence from any GPS devices attached to rental vehicles used by Miller. On appeal, Miller does not challenge the district court's holding that the motion was moot as a result of the Government's representation. Accordingly, Miller has waived appellate review of the denial of his motion to

4

suppress tracking evidence recovered from the GPS searches.[2]  See Bartko, 728 F.3d at 335.

Third, relying on Riley v. California, 134 S. Ct. 2473 (2014), Miller challenges the district court's denial of his motion to suppress evidence recovered from six cell phones recovered and activated contemporaneously with his arrest in 2013.  The district court denied the motion because then-existent law permitted the search.

The exclusionary rule prohibits introducing "evidence obtained in violation of a defendant's Fourth Amendment rights, but the sole purpose of the rule is to deter future Fourth Amendment violations, and its application properly has been restricted to those situations in which its remedial purpose is effectively advanced."  United States v. Stephens, 764 F.3d 327, 335 (4th Cir. 2014) (citations and internal quotation marks

---

[2] Even if the issue was not waived, we would conclude that a reasonable construction of the warrant application and order permitted officers to attach GPS devices to future cars Miller rented and not just to the specific rental vehicles identified in the warrant application as vehicles Miller rented in the past.  See United States v. Ventresca, 380 U.S. 102, 108 (1965) ("[A]ffidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.").  Any alternative interpretation of the warrant would have defeated issuance of the warrant because neither the attesting officers nor the issuing judge possessed any ability to anticipate what specific rental car the rental car companies Miller frequented might assign Miller in the future.

omitted), cert. denied, 136 S. Ct. 43 (2015). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful, . . . the deterrence rationale loses much of its force, and exclusion cannot pay its way." Davis v. United States, 564 U.S. 229, ____, 131 S. Ct. 2419, 2427-28 (2011) (citations and internal quotation marks omitted). As a result, the exclusionary rule does not apply to searches conducted in accordance with then-binding appellate precedent, even if that precedent is later overruled. Id. at 2423-24.

Here, Riley was decided over a year after the search Miller challenges. At the time of the search, both the law of this Circuit and Maryland law permitted a warrantless search of a cell phone in the course of an inventory search incident to arrest. See United States v. Murphy, 552 F.3d 405, 411-12 (4th Cir. 2009) ("The need for the preservation of evidence justifies the retrieval of call records and text messages from a cell phone or pager without a warrant during a search incident to arrest."); Sinclair v. State, 76 A.3d 442, 454 (Md. 2013) (positively citing Murphy and holding "limited and immediate" warrantless search of cell phone is "valid search incident to arrest"). Accordingly, pursuant to the rule established in Davis, the district court properly denied Miller's motion to suppress evidence collected as a result of the activation of his cell phones.

6

The Sixth Amendment guarantees criminal defendants the right to counsel, and, if indigent, the right to appointed counsel. Gideon v. Wainwright, 372 U.S. 335, 344–45 (1963). The Sixth Amendment's guarantee of counsel also "necessarily implies the right of self-representation." Faretta v. California, 422 U.S. 806, 832 (1975). The right to self-representation "must be preserved even if the court believes that the defendant will benefit from the advice of counsel." United States v. Singleton, 107 F.3d 1091, 1095–96 (4th Cir. 1997). We review de novo the determination that Miller waived his right to counsel. Id. at 1097 n.3.

A defendant who asserts the right of self-representation must do so (1) clearly and unequivocally; (2) knowingly, intelligently, and voluntarily; and (3) in a timely fashion. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). "The requirement that the assertion be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings" and "prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation." United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005) (internal quotation marks omitted). A defendant "should be made aware of the dangers and disadvantages of self-representation,

so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835 (internal quotation marks omitted).

In granting the motion, the district court (1) assured that Miller was mentally competent to represent himself; (2) questioned existing counsel regarding Miller's ability to comprehend and speak English; (3) advised Miller several times regarding the advantages of proceeding with counsel; (4) discussed with Miller the option of having stand-by counsel and how stand-by counsel could assist him; and (5) confirmed that Miller understood the charges he was facing. Miller repeatedly expressed a desire to represent himself with stand-by counsel to assist him with the procedural aspects of a trial, and the district court appointed the stand-by counsel Miller requested. Accordingly, we conclude that the district court engaged in the required inquiry and that Miller knowingly, voluntarily, and intelligently asserted his right to self-representation.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8